## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:18-CR-00042-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **MONTA LAMON SHEROW (1)** | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On March 5, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by J. Brandt Thorson.

### Background

After pleading guilty to the offense of Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine (actual), a Class A felony, Defendant Monta Lamon Sherow was sentenced on January 7, 2020, by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of V, was 140 to 175 months. The Court sentenced Defendant to imprisonment for a term of 91 months, followed by a 5-year term of supervised release subject to the mandatory and standard conditions of release, plus special conditions to include financial disclosure, no alcoholic beverages, and substance abuse treatment and testing. On March 22, 2024, Defendant completed his term of imprisonment and started service of his term of supervised release.

#### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on February 13, 2026, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested on January 30, 2026, by Longview police for the offense of possession of marijuana more than four ounces but less than five pounds, a state jail felony, while in Longview, Texas.

2. **Allegation 2 (mandatory condition 2): The defendant must not unlawfully possess a controlled substance**   It is again alleged that Defendant was arrested on January 30, 2026 by Longview police for possessing marijuana.  It is also alleged that Defendant reported to the Tyler supervision office on February 2, 2026, and admitted that he had possessed marijuana on January 30, 2026.

#### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 5 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

committing the offense of possession of marijuana more than four ounces but less than five pounds, a state jail felony, as alleged in the petition, Defendant is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 18 to 24 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing marijuana, as alleged in the petition, Defendant is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of V, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 7 to 13 months.

### *Hearing*

On March 5, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition, and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Pollock

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal history monetary penalties previously

ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

<b><u>RECOMMENDATION</u></b>

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Pollock.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 5th day of March, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE